**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ANDREW CARPENTER and<br>EUGENIA CARPENTER (sp/sp)<br>111 East Chestnut Street<br>Souderton, PA 18964 | CIVIL ACTION – LAW<br>No. _____<br><br>Demand for Jury Trial |
|          Plaintiffs | |
|   v. | |
| WERNER CO. c/o<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801 | |
|   and<br>THE HOME DEPOT, INC.<br>c/o CSC of Cobb County, Inc.<br>192 Anderson Street, SE, Suite 125<br>Marietta, GA 30060 | |
|         Defendants | |

## Civil Action Complaint

1.    Plaintiff, Andrew Carpenter (hereinafter "Plaintiff"), is an adult individual who resides at the above address in Montgomery County in the Commonwealth of Pennsylvania.

2.    Plaintiff, Eugenia Carpenter (hereinafter "Plaintiff Spouse"), is an adult individual who resides at the above address in Montgomery County in the Commonwealth of Pennsylvania.

3.    Plaintiff Andrew Carpenter and Plaintiff Eugenia Carpenter (hereinafter "Plaintiffs") are and at all times relevant hereto were legally married.

4.    Defendant, Werner Co. (hereinafter "Defendant Werner"), is a Delaware business corporation with its principal place of business in the State of Illinois, and with a registered agent for service located at the above address in Wilmington, Delaware.

5.    Defendant, The Home Depot, Inc. (hereinafter "Defendant Home Depot" and, collectively with Defendant Werner, as "Defendants"), is a Georgia business corporation with its

principal place of business located at the above address in the State of Georgia, and with a registered agent for service located at the above address in Georgia.

6.      Plaintiffs are not from the same state as Defendants, and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. §1332.

7.      At all times relevant to this matter, Defendant Werner was and continues to be in the business of consumer products and supply chain management, including designing, manufacturing, packaging, handling, and labeling of consumer products, including aluminum step ladders, and including the aluminum step ladder sold to Plaintiffs in November 2022 ("Defendants' Ladder").

8.      Defendant Home Depot sells and distributes consumer goods, including Defendants' Ladder, to individuals across the globe, including in the Commonwealth of Pennsylvania.

9.      At all times relevant to this matter, Defendant Home Depot acted as a seller, distributor, or facilitator in the chain of commerce by listing, marketing, and selling Defendants' Ladder to consumers, including Plaintiff.

10.     Defendant Werner, individually and/or jointly, directly and/or by and through its duly authorized agents, ostensible agents, servants, contractors, subcontractors, borrowed servants, workmen, and/or employees, all in the course and scope of such relationship, designed, engineered, manufactured, produced, inspected, tested, marketed, labeled, sold, and/or shipped Defendants' Ladder, which was made available for sale at Home Depot stores and purchased by Plaintiffs.

11.     At all times relevant to this matter, Defendant Home Depot, individually and/or jointly, directly and/or by and through its duly authorized agents, ostensible agents, servants,

contractors, subcontractors, borrowed servants, workmen, and/or employees, all in the course and scope of such relationship, was a retail marketer, distributor, and/or seller of Defendants' Ladder, which was purchased by Plaintiffs on or about November 30, 2022, for a price of $29.88 plus tax.

12. On September 3, 2023, while using the ladder in a manner consistent with its intended purpose and in accordance with the manufacturer instructions, Plaintiff climbed Defendants' Ladder to work on a siding issue at his residence when, suddenly and without warning, the front right leg of Defendants' Ladder collapsed and Plaintiff landed forcefully onto the concrete ground.

13. At the time of the incident, Defendants' Ladder was in the same condition as when it was purchased by Plaintiffs via Defendant Home Depot.

14. At the time of the incident, Defendants' Ladder was in the same condition as when it was manufactured, produced, inspected, tested, marketed, labeled, sold, distributed, and/or shipped by Defendant Werner.

15. The collapse of Defendants' Ladder caused permanent, severe, and debilitating injuries to Plaintiff's spine and left and right shoulders.

16. At the aforesaid time and location, Plaintiff was using the ladder in a foreseeable manner and as intended.

17. Defendants' Ladder was a defective product, unreasonably dangerous for its intended use.

18. Defendants' Ladder was defective in that it departed from its intended design and specifications when it left the control of Defendants, rendering it unreasonably dangerous to users such as Plaintiff.

19. Defendants' Ladder was defective in that its intended design and specifications rendered it unreasonably dangerous for its foreseeable uses by users such as Plaintiff.

20.    Defendants' Ladder was defective in that it was distributed and/or sold without adequate warnings or instructions regarding its use, inspection, maintenance, and foreseeable risks thereof, rendering it unreasonably dangerous to users such as Plaintiff.

21.    Defendants' Ladder malfunctioned during normal use, and such malfunction would not ordinarily occur absent a defect, thereby establishing that the ladder was defective when it left Defendants' control.

22.    The defective and unreasonably dangerous condition of Defendants' Ladder, as set forth more fully herein, was the direct and proximate cause of Plaintiff's injuries.

23.    In the alternative, the individual, joint and/or several negligence and carelessness of Defendants, as set forth more fully herein, was the direct and proximate cause of Plaintiff's injuries.

24.    As a direct and proximate result of the defective and unreasonably dangerous condition of Defendants' Ladder, Plaintiff has suffered and may in the future continue to suffer permanent bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and permanent scarring.

25.    As a direct and proximate result of the defective and unreasonably dangerous condition of Defendants' Ladder, and his resulting injuries, Plaintiff has undergone and may in the future undergo various reasonable and necessary medical treatments.

26.    As a direct and proximate result of the defective and unreasonably dangerous condition of Defendants' Ladder, and his resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure himself of the injuries he sustained, to his ongoing detriment and financial loss.

27.    As a direct and proximate result of the defective and unreasonably dangerous

condition of Defendants' Ladder, and his resulting injuries, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, hobbies and/or avocations, to his ongoing detriment and loss.

**COUNT I – Strict Liability**
**Andrew Carpenter v. Werner Co.**

28.    Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

29.    Defendants' Ladder was defective and unreasonably dangerous for its intended use when it left the control of Defendant Werner.

30.    Defendants' Ladder failed to perform as an ordinary consumer would expect when using it foreseeably and in its intended manner.

31.    Defendants' Ladder contained a design and/or manufacturing defect.

32.    Defendants' Ladder contained inadequate warnings and instructions.

33.    As the designer, engineer, manufacturer, producer, inspector, tester, marketer, labeler, and/or distributor of Defendants' Ladder, Defendant Werner is strictly liable for Plaintiff's injuries directly and proximately caused by Defendants' Ladder, a defective product.

WHEREFORE, Plaintiff Andrew Carpenter demands judgment in his favor and against Defendant Werner Co., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

**COUNT II – Strict Liability**
**Andrew Carpenter v. The Home Depot, Inc.**

34.    Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

35.    Defendants' Ladder was defective and unreasonably dangerous for its intended use when it left the control of Defendant Home Depot.

36.    Defendants' Ladder contained a design and/or manufacturing defect.

37.    Defendants' Ladder contained inadequate warnings and instructions.

38.    As the distributor, seller, marketer, and/or facilitator of Defendants' Ladder, Defendant Home Depot is strictly liable for Plaintiff's injuries directly and proximately caused by Defendants' Ladder, a defective product.

WHEREFORE, Plaintiff Andrew Carpenter demands judgment in his favor and against Defendant The Home Depot, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

## COUNT III - Negligence
### Andrew Carpenter v. Werner Co.

39.    Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

40.    The individual, joint and/or several negligence and carelessness of Defendant Werner included:

a.    Failing to properly design Defendants' Ladder to be safe for its intended and reasonable foreseeable uses;

b.    Failing to adequately inspect and/or test Defendants' Ladder to identify structural weaknesses and defective materials, before placing it into the stream of commerce;

c.    Failing to use proper materials, workmanship, and manufacturing processes in producing Defendants' Ladder, in compromise of its strength and safety;

d.    Failing to provide adequate and understandable warnings, labels, and/or instructions regarding the safe use, inspection, maintenance of Defendants' Ladder and known hazards thereof;

e.  Failing to warn users of the potential for instability and sudden collapse during ordinary use;

f.  Failing to monitor, investigate, and/or address consumer complaints regarding product safety;

g.  Failing to oversee the manufacturing process to ensure Defendants' Ladder met safety standards;

h.  Failing to timely correct, recall, and/or withdraw ladders such as Defendants' Ladder after becoming aware, or when it should have become aware, of its dangerous condition; and,

i.  Failing to comply with applicable industry, governmental, and/or safety standards in the design, manufacture, and sale of Defendants' Ladder;

WHEREFORE, Plaintiff Andrew Carpenter demands judgment in his favor and against Defendant Werner Co., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

## COUNT IV - Negligence
## Andrew Carpenter v. The Home Depot, Inc.

41.  Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

42.  The individual, joint and/or several negligence and carelessness of Defendant Home Depot included:

a.  Failing to exercise reasonable care in the selection, approval, and offering for sale of Defendants' Ladder;

b.  Failing to properly inspect and/or test Defendants' Ladder prior to sale to Plaintiff to ensure it was safe for its intended and reasonably foreseeable uses;

c.  Failing to provide adequate and understandable warnings, labels, and/or instructions regarding the safe use, inspection, and maintenance of Defendants' Ladder, as well as the known and reasonably foreseeable hazards thereof;

d.  Failing to remove Defendants' Ladder from sale, or otherwise warn customers, after knowing or when it should have known of its dangerous and defective condition; and,

e. Failing to maintain adequate policies and procedures to ensure the safety of ladders purchased from third-party manufacturers and sold to consumers.

WHEREFORE, Plaintiff Andrew Carpenter demands judgment in his favor and against Defendant The Home Depot, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

**COUNT V – Breach of Express and Implied Warranties**
**<u>Andrew Carpenter v. Werner Co.</u>**

43. Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs as well as all subsequent paragraphs, as though the same were fully set forth herein.

44. In purchasing and using Defendants' Ladder, Plaintiff relied upon Defendant Werner's express warranty that Defendants' Ladder was safe for reasonably foreseeable uses of a step ladder.

45. Defendant Werner entered Defendants' Ladder into the stream of commerce and impliedly warranted to consumers such as Plaintiff that it was of merchantable quality and that it was fit for its ordinary and foreseeable purpose.

46. Defendant Werner breached its express and implied warranties of merchantability, as Defendants' Ladder failed to conform to its advertised characteristics, was defective and dangerous, and failed during ordinary and intended use, resulting in injuries to Plaintiff.

47. The breach of the express and implied warranties of merchantability were a direct and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff Andrew Carpenter demands judgment in his favor and against Defendant Werner Co., individually, jointly and/or severally, in an amount in excess of Seventy-

Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

### COUNT VI – Breach of Express and Implied Warranties
### Andrew Carpenter v. The Home Depot, Inc.

48.     Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

49.     In purchasing and using Defendants' Ladder, Plaintiff relied upon Defendant Home Depot's express warranty that Defendants' Ladder was safe for reasonably foreseeable uses of a step ladder.

50.     Defendant Home Depot impliedly warranted to consumers such as Plaintiff that Defendants' Ladder was of merchantable quality and that it was fit for its ordinary and foreseeable purpose.

51.     Defendant Home Depot breached its express and implied warranties of merchantability, as Defendants' Ladder failed to conform to its advertised characteristics, was defective and dangerous, and failed during ordinary and intended use, resulting in injuries to Plaintiff.

52.     The breach of the express and implied warranties of merchantability were a direct and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff Andrew Carpenter demands judgment in his favor and against Defendant The Home Depot, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

### COUNT VII – Loss of Consortium
### Eugenia Carpenter v. All Defendants

53.     Plaintiffs incorporate herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

54.     As a direct and proximate result of Defendants' negligence and carelessness, the ladder collapse, and Plaintiff's resulting injuries, Plaintiff Spouse suffered and may in the future suffer the loss of aid, assistance, and comfort of her husband.

55.     As a direct and proximate result of Defendants' negligence and carelessness, the ladder collapse, and Plaintiff's resulting injuries, Plaintiff Spouse has expended and may in the future expend specific time, care and/or treatment to her husband.

**WHEREFORE**, Plaintiff Spouse Eugenia Carpenter demands judgment in her favor and against Defendants an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Court may deem appropriate.

**OSTROFF | GODSHALL - Injury and Accident Lawyers**

Dated:  8/18/2025

By: */s/ Richard Godshall*

Richard A. Godshall, Esq.
PA Attorney ID No. 93467
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
rgodshall@ostrofflaw.com
*Attorney for Plaintiffs*

## Verification

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Andrew Carpenter

## Verification

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
**Eugenia Carpenter**